MARSHALL MORGAN *et al. vs.* ZONING BOARD OF REVIEW OF
TOWN OF WARWICK.

JUNE 13, 1932.

PRESENT: Stearns, C.J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. Writ of *certiorari* to review the action of the zoning board of review of the town of Warwick in granting a permit to build on a lot containing less than 5,000 square feet in a residence "C" district.

The zoning ordinance provides that a dwelling house erected in a "C" district must be on a lot having an area of at least 5,000 square feet.

The facts are agreed upon and may be summarized as follows: The lot in question contains approximately 2,132.5 square feet and was formerly a part of lot No. 50, on the assessor's plat No. 142, which had an area of about 92/100 of an acre. The owners leased to various persons the right

to erect small dwelling houses on this lot and eleven such houses were erected pursuant to said leases. On the twelfth lot is a community privy. The tenants paid a ground rent and all taxes assessed against their respective buildings. Said lot No. 50 was therefore divided into twelve lots, the area of which is not given in the agreed statement of facts but it is evident that some, if not all, have an area of less than five thousand square feet. These dwellings are what are commonly called summer cottages supported by wooden or cement posts and all were erected prior to the enactment of the zoning ordinance.

The land upon which this group of cottages were erected joins Warwick Cove on the south and to the west is open land and at the north is the land of the petitioners which contains twenty-three thousand square feet on which there are three houses. Easterly and northeasterly of the location is a built-up section. Subsequently to the enactment of the zoning ordinance the owners of said lot No. 50 sold by metes and bounds ten lots to the owners of the buildings thereon and the lot on which the privy stands was deeded to the purchasers of said lots. The eleventh lot is the one involved in the present controversy.

The present owner obtained title to the same in 1931, previous to that time he was a tenant by curtesy. He appears to have obtained title to the building thereon, whether by purchase or abandonment by the owner does not appear of record. He tore this building down and desires to replace it with a new dwelling house of the same size in practically the same location.

The zoning board of review granted him permission by virtue of authority conferred by Chapter 430, Public Laws 1923, and the sole question before us is whether in so doing it abused the discretion vested in it by said chapter, the pertinent part of which is as follows: ". . . The board of review shall have the following powers: c. To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the

public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Courts will not reverse the action of an administrative board in the exercise of the discretionary power conferred by statute, unless there has been an abuse of discretion or unless it has exceeded its powers. 43 C. J. 306.

According to the agreed statement of facts the use which it is proposed to make of. the lot in question is practically the same use that has been made of it for the past fifteen years. There will be no increase of fire hazard and the only change will be the substitution of a new building for an old one.

The location appears to be suitable only for summer houses. At least this is the only use to which it had been put for many years before the zoning ordinance was passed and it is not suggested that the lot in question could be used for any other beneficial purpose. Hardship to the owner in depriving him of all beneficial use of his property, unless outweighed by consideration of public welfare, is a factor which must be given consideration in the administration of zoning ordinances. *McCabe* v. *Zoning Board of Review,* 50 R. I. 449.

The board is doubtless familiar with the location and the conditions there obtaining. From the record before us we are unable to say that there was such an abuse of discretion as to warrant us in reversing its action in granting a variance from the terms of the ordinance.

The decision of the respondent board is affirmed. It is ordered that the papers in the case be sent back to the respondent board.

*Morgan & Morgan,* for petitioners.

*Peirce H. Brereton,* for respondents.